UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER M. ROCHA,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>J. JANDA, Warden,<br><br>　　　　　Respondent. | Case No. EDCV 12-1243-GW (LAL)<br><br>**FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　This Final Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, under the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## I.

## PROCEEDINGS

　　　On July 26, 2012, Roger M. Rocha ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On November 16, 2012, Respondent filed an Answer to the Petition. On November 30, 2012, Petitioner filed a Reply. Thus, this matter is ready for decision.

## II.

## **PROCEDURAL HISTORY**

On March 2, 2011, Petitioner pleaded guilty in Riverside County Superior Court to one count of gross vehicular manslaughter while intoxicated,[1] and admitted two allegations that he personally inflicted bodily injury on a person during the commission of the gross vehicular manslaughter.[2] The same day, the trial court sentenced Petitioner to the agreed upon term of 16 years in state prison. (Lodgment 1 at 1-2; Lodgment 8 at 4-7.)

On February 17, 2012, Petitioner filed a habeas corpus petition in the Riverside County Superior Court. (Lodgment 2.) On February 24, 2012, the superior court denied the petition on procedural grounds. (Lodgment 3.)

On March 13, 2012, Petitioner filed a habeas corpus petition in the California Court of Appeal. (Lodgment 4.) On March 16, 2012, the California Court of Appeal summarily denied habeas relief. (Lodgment 5.)

On April 6, 2012, Petitioner filed a habeas corpus petition in the California Supreme Court. (Lodgment 6.) On July 11, 2012, the California Supreme Court summarily denied habeas relief. (Lodgment 7.)

## III.

## **FACTUAL BACKGROUND**

The record before this Court does not detail the facts underlying Petitioner's convictions. The Information suggests that Petitioner caused a car accident while driving under the influence of alcohol or drugs. Petitioner killed Carlos Delgado and injured Alejandro Gill Ayala and Alejandro Ayala Hernandez. (Lodgment 8 at 1-3.)

On March 15, 2010, the prosecution charged Petitioner with one count of first degree murder (Count One), one count of gross vehicular manslaughter (Count Two), and one count of driving while intoxicated resulting in death (Count Three). As to Counts Two and Three, the prosecution further alleged that Petitioner caused injury to Ayala and Hernandez during the

---

[1] Cal. Penal Code § 191.5(a).
[2] Cal. Penal Code § 12022.7.

commission of the crimes. (Lodgment 8 at 1-3.) On March 2, 2011, Petitioner agreed to plead guilty to Count Two and admit the accompanying allegations of great bodily injury, in exchange for the maximum sentence of 16 years for the conviction and allegations. (Lodgment 8 at 4-5.)

## IV.
## PETITIONER'S CLAIM

Petitioner raises three claims for relief:

(1) The trial court erred by imposing multiple punishments for the same act (Petition at 5);

(2) The trial court erred by imposing an upper term sentence based on the court's improper dual use of facts (Petition at 5-6); and

(3) The state appellate courts erred by denying Petitioner the opportunity to file an untimely appeal (Petition at 6).[3]

## V.
## STANDARD OF REVIEW

**A.  28 U.S.C. § 2254.**

The standard of review that applies to Petitioner's claims is stated in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). If these standards are difficult to meet, it is because they were meant to be. As the Supreme Court stated in <u>Harrington v. Richter</u>,[4] while the AEDPA "stops short of

---

[3] Respondent argues that Claims One and Two are defaulted by the Riverside County Superior Court's denial of relief with a citation to <u>In re Clark</u>, 5 Cal.4th 750, 765 (1993). (Answer at 9-11.) In the interest of judicial economy, this Court will address Petitioner's claims on the merits rather than perform the procedural default analysis.

[4] 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011).

imposing a complete bar on federal court relitigation of claims already rejected in state proceedings[,]" habeas relief may be granted only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with United States Supreme Court precedent.  Further, a state court factual determination must be presumed correct unless rebutted by clear and convincing evidence.[5]

### B.  Sources of "Clearly Established Federal Law."

According to Williams v. Taylor,[6] the law that controls federal habeas review of state court decisions under the AEDPA consists of holdings (as opposed to dicta) of Supreme Court decisions "as of the time of the relevant state-court decision."  To determine what, if any, "clearly established" United States Supreme Court law exists, a federal habeas court also may examine decisions other than those of the United States Supreme Court.[7]  Ninth Circuit cases "may be persuasive."[8]  A state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law, if no Supreme Court decision has provided a clear holding relating to the legal issue the habeas petitioner raised in state court.[9]

Although a particular state court decision may be both "contrary to" and an "unreasonable application of" controlling Supreme Court law, the two phrases have distinct meanings under Williams.

A state court decision is "contrary to" clearly established federal law if the decision either applies a rule that contradicts the governing Supreme Court law, or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts.[10]  If a state court decision denying a claim is "contrary to" controlling Supreme Court precedent, the reviewing federal habeas court is "unconstrained by § 2254(d)(1)."[11]  However, the state court

---

[5] 28 U.S.C. § 2254(e)(1).
[6] 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).
[7] LaJoie v. Thompson, 217 F.3d 663, 669 n.6 (9th Cir. 2000).
[8] Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 1999).
[9] Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004); see also Carey v. Musladin, 549 U.S. 70, 77, 127, S. Ct. 649, 649, 166 L. Ed. 2d 482 (2006) (in the absence of a Supreme Court holding regarding the prejudicial effect of spectators' courtroom conduct, the state court's decision could not have been contrary to or an unreasonable application of clearly established federal law).
[10] Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam) (citing Williams, 529 U.S. at 405-06).
[11] Williams, 529 U.S. at 406.

need not cite or even be aware of the controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them."[12]

State court decisions that are not "contrary to" Supreme Court law may be set aside on federal habeas review only "if they are not merely erroneous, but 'an <u>unreasonable</u> application' of clearly established federal law, or based on 'an <u>unreasonable</u> determination of the facts.'"[13] Accordingly, this Court may reject a state court decision that correctly identified the applicable federal rule but unreasonably applied the rule to the facts of a particular case.[14] However, to obtain federal habeas relief for such an "unreasonable application," a petitioner must show that the state court's application of Supreme Court law was "objectively unreasonable" under <u>Woodford v. Visciotti</u>.[15] An "unreasonable application" is different from merely an incorrect one.[16]

Where, as here, the state courts have supplied no reasoned decision for denying the petitioner's claims on the merits,[17] this Court must perform an "'independent review of the record' to ascertain whether the state court decision was objectively unreasonable."[18]

## VI.
## DISCUSSION

**A.   Multiple Punishments.**

In Ground One, Petitioner argues that, because his conviction for gross vehicular manslaughter and the accompanying allegations of great bodily injury resulted from a single act, i.e. the car accident, the trial court erred by imposing multiple sentences for the conviction and allegations. (Petition at 5.)[19]

---

[12] <u>Early</u>, 537 U.S. at 8.
[13] <u>Id.</u> at 11 (citing 28 U.S.C. § 2254(d)).
[14] <u>See</u> <u>Williams</u>, 529 U.S. at 406-10, 413.
[15] 537 U.S. 19, 27, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002).
[16] <u>Williams</u>, 529 U.S. at 409-10.
[17] Petitioner presented Claim One to the Los Angeles County Superior Court on habeas corpus review. (Lodgment 6 at 1-7.) However, the superior court discussed only Petitioner's ineffective assistance of appellate counsel claim in its decision denying habeas relief. (Lodgment 7.)
[18] <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003) (citing <u>Delgado v. Lewis</u>, 223 F.3d 976, 981-82 (9th Cir. 2000)).
[19] Petitioner cites the Eighth Amendment in support of his argument, thereby suggesting he intended to present a cruel and unusual punishment claim. (Petition at 5.) However, Petitioner's discussion of his claim indicates he intended to present a double jeopardy claim. This Court addresses Petitioner's apparent double jeopardy claim

First, the State is entitled to enforce the terms of Petitioner's plea agreement.[20] Accordingly, Petitioner cannot now challenge the sentence he agreed to during plea negotiations.

Second, to the extent Petitioner may be permitted to challenge his sentence, he fails to show that the sentence violates double jeopardy. The Double Jeopardy Clause contains three distinct constitutional protections.[21] "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."[22] In the multiple punishment context, the interest the Double Jeopardy Clause protects "is limited to ensuring that the total punishment did not exceed that authorized by the legislature."[23] "Where . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct . . ., a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishments under such statutes in a single trial."[24]

Here, Petitioner pleaded guilty to gross vehicular manslaughter under California Penal Code section 191.5(a), which carries a prison term of four, six, or 10 years.[25] (Lodgment 1 at 1at 1; Lodgment 8 at 5.) In addition, Petitioner admitted allegations under California Penal Code section 12022.7(a) that he caused great bodily injury to two other victims while committing gross vehicular manslaughter. (Lodgment 1 at 2; Lodgment 8 at 5.) Each allegation under section 12022.7(a) required an additional three years sentence.[26] Thus, state law contemplated a sentence of up to 16 years for a conviction of gross vehicular manslaughter with two allegations

---

below. To the extent Petitioner intended to present a cruel and unusual punishment claim under the Eighth Amendment, this Court has considered and rejected his claim.

[20] Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement[,] . . . such promise must be fulfilled."); see also People v. Cunningham , 49 Cal.App.4th 1044, 1048 (1996) ("The People, as well as defendant, are entitled to enforce the terms of a plea bargain").

[21] Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006).

[22] Ohio v. Johnson, 467 U.S. 493, 498, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984) (citation and internal quotation marks omitted).

[23] Jones v. Thomas, 491 U.S. 376, 381, 109 S. Ct. 2522, 105 L. Ed. 2d 322 (1989) (citation and internal quotation marks omitted).

[24] Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983).

[25] Cal. Penal Code § 191.5(c)(1).

[26] Cal. Penal Code § 12022.7(a).

1    of great bodily injury.  Such a legislatively endorsed sentence cannot violate double jeopardy.

2          Accordingly, this Court finds that the California courts' denial of Petitioner's double
3    jeopardy claim was neither contrary to, nor involved an unreasonable application of, clearly
4    established federal law, as determined by the United States Supreme Court.  Claim One does not
5    support habeas relief.

6    **B.**     **Dual Use.**

7          In Claim Two, Petitioner argues that the trial court erred by imposing an aggravated
8    prison term on the gross vehicular manslaughter charge based on the court's dual use of facts.
9    (Petition at 5-6.)  Specifically, Petitioner states that "[t]he trial court imposed an aggravated term
10   based on a prior conviction (misdemeanor) which may not be used as an element of a present
11   offense to enhance the sentence for that offense."  (Petition at 5-6.)  Petitioner appears to argue,
12   pursuant to People v. Edwards,[27] that the trial court improperly used his prior conviction to
13   increase his sentence despite the fact that the prior conviction constituted an element of the
14   current offense.  (See Lodgment 2 at 4; Lodgment 4 at 4; Lodgment 6 at 4.)  In addition,
15   Petitioner appears to argue, pursuant to People v. McFearson,[28] that the trial court improperly
16   imposed an upper term sentence based on an enhancement pursuant to which an additional
17   sentence was also imposed.  (See Lodgment 2 at 4; Lodgment 4 at 4; Lodgment 6 at 4.)
18   Petitioner's argument fails in both respects.

19         First, the California Supreme Court held in Edwards that "[a] court's reliance on [a]
20   defendant's prior conviction for the dual purpose of augmenting sentence and providing an
21   essential element of the charged offense [] runs afoul of the established rule that when a prior
22   conviction constitutes an element of criminal conduct which otherwise would be noncriminal,
23   the minimum sentence may not be increased because of the indispensable prior conviction."[29]
24   However, this is not what happened in Petitioner's case.  Assuming, although it is not apparent
25   from the record, that the trial court imposed an upper term sentence for gross vehicular
26   manslaughter based on a finding that Petitioner's criminal history warranted an aggravated

---

[27] 18 Cal.3d 796 (1976).
[28] 168 Cal.App.4th 388, 392 (2008).
[29] Edwards, 18 Cal.3d at 800.

sentence, Petitioner's claim fails. Petitioner's conviction of gross vehicular manslaughter did not include as an essential element of the offense the fact of a prior conviction. Thus, even if the trial court used Petitioner's prior misdemeanor conviction to impose an upper term sentence, it did not also use the prior misdemeanor conviction to sustain Petitioner's conviction for the charged offense of gross vehicular manslaughter. Accordingly, Petitioner's sentence did not violate the principles of Edwards.

In McFearson, the California Court of Appeal discussed California Penal Code section 1170(b), which states, "[t]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law."[30] Again assuming Petitioner's claim that the trial court imposed an upper term sentence for gross vehicular manslaughter based on Petitioner's prior misdemeanor conviction, the court did not violate the principles at issue in McFearson. The enhancements imposed upon Petitioner were for causing great bodily injury under California Penal Code section 12022.7(a), (Lodgment 8 at 5), not because of any convictions Petitioner suffered in the past. Accordingly, the trial court could not have imposed an upper term sentence for gross vehicular manslaughter and imposed sentencing enhancements based on the same fact of a prior conviction.

Accordingly, this Court finds that the California courts' denial of Petitioner's dual purpose claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Claim Two does not support habeas relief.

C.  **State Appeal.**

Finally, in Claim Three, Petitioner argues that the state appellate courts violated state law and rules of court by refusing to allow Petitioner an opportunity to explain why he wanted to file a late appeal. (Petition at 6.) Petitioner states that he was unable to file a timely appeal in the state courts because he "did not have access to legal materials at that time due to 'orientation' status at reception [center]." (Petition at 3.)

Petitioner alleges only a violation of state law. Such a claim is not reviewable on federal

---

[30] McFearson, 168 Cal.App.4th at 392.

habeas corpus.[31] To the extent Petitioner could show a federal constitutional claim, his claim fails on the facts. Petitioner has not presented any evidence that he attempted to file an untimely appeal. Thus, he cannot show that the state courts denied such an appeal.

Accordingly, this Court finds that the California courts' denial of Petitioner's right to appeal claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Claim Three does not support habeas relief.

## VII.
## **RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Final Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:   November 17, 2015

_____
HONORABLE LOUISE A. LAMOTHE
United States Magistrate Judge

---

[31] Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).